### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 01-cv-00083-REB-CBS

STOCKMAN'S WATER COMPANY, LLC, a Colorado limited liability company,

    Plaintiff,

and

PETER HORNICK, an individual domiciled in New York; and,
AMERICAN WATER DEVELOPMENT, INC., a Colorado corporation,

    Intervening Plaintiffs,

vs.

VACA PARTNERS, L.P. a Delaware limited partnership;
FARALLON CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; and,
JASON FISH, an individual domiciled in California,

    Defendants/Third-Party Plaintiffs.

_____

### ORDER RE: MODIFIED MOTION FOR RELIEF
### FROM ORDER OR IN THE ALTERNATIVE FOR ENTRY OF JUDGMENT
_____

**Blackburn, J.**

    The matter before me is intervening plaintiff American Water Development, Inc.'s ("AWDI") Modified Motion for Relief From Order or in the Alternative For Entry of Judgment [# 343], filed October 21, 2005. I deny the motion for relief under Fed.R.Civ.P. 60(b) but, finding that AWDI's claims in this case are barred by the doctrine of issue preclusion, grant the request for entry of judgment.

    This case involves efforts to sell the Baca Ranch and, more importantly for

present purposes, the appurtenant water rights.[1]  In 1995, AWDI sold the Baca Ranch and its concomitant water rights to Cabeza de Vaca Land & Cattle Co., LLC ("Cabeza"). As part of the consideration for the sale, Cabeza and AWDI executed an Assignment of Gross Revenue Interest ("AGRI") on May 31, 1995.  The AGRI entitled AWDI to ten percent of the gross revenues realized by any future disposition of all or any part of the property's water or water rights.  The AGRI was secured by a deed of trust on the property.

When Cabeza's efforts to develop the water resources of the ranch proved unfruitful, it negotiated to sell the ranch to The Nature Conservancy.  A contract for the sale was executed in December, 2001, but the sale could not be consummated until AWDI released its deed of trust.  AWDI refused to do so.  At the time of these events, this lawsuit had been pending for nearly a year.[2]  AWDI had sought and been granted leave to intervene as a plaintiff in April, 2001.  By its complaint, AWDI brought three claims: 1) a claim seeking a declaration that the proposed sale breached the AGRI; 2) a claim seeking an injunction preventing the sale; and 3) a claim for tortious interference, claiming that the defendants had caused Cabeza to fail to perform its obligations under the AGRI.

In March, 2002, while this action was still pending, Cabeza filed suit against

---

[1] The Baca Ranch encompasses 100,000 acres of land in the northwest sector of the Great Sand Dunes formation, which is adjacent to the Great Sand Dunes National Monument.

[2] The suit was originally filed by Cabeza and one of its members, Stockman's Water Company, LLC, against a second member of Cabeza, Vaca Partners, L.P., the major investor Cabeza's original purchase of the ranch, Farallon Capital Management, LLC., and Jason Fish, who had been involved in negotiating the sale of the ranch to The Nature Conservancy.

AWDI in the District Court of Saguache County, Colorado, seeking a declaration of the parties' respective rights and obligations under the AGRI and, more specifically, a declaration that Cabeza had satisfied all conditions precedent under the AGRI and that AWDI therefore was bound to release its deed of trust on the property. (*See* Def. Response App., Exh. A.) Cabeza and AWDI proceeded to arbitration, as required by the AGRI, in October, 2002, to determine the value of AWDI's interest under the AGRI. The arbitration panel determined that Cabeza was liable to AWDI pursuant to the AGRI in the amount of $694,000. (*Id.*, Exh. C.) Cabeza tendered a check in that amount the same day, but AWDI refused the tender, claiming that delivery of the check was premature. (*Id.*, Exhs. D & E.)

      Thereafter, Cabeza filed in the state court action a Petition for an Order to Show Cause, asking the court to invalidate AWDI's security documents. The court held a hearing on the petition on March 18, 2003. On May 9, 2003, it issued its written order granting the petition. In so doing, it found, with respect to Cabeza's original offer to escrow ten percent of the full amount of the purchase offer, that

> In direct conflict with its contractual obligations, AWDI refused to release Security Documents, refused to provide any assurances that it ever would do so, and refused to propose alternative arrangements to protect is Gross Revenues Interest. *AWDI's refusal breached its contractual obligations to release its Security Documents, and was a material breach of the AGRI.* . . .
>
>     The Petitioners are entitled to an Order that the Security Documents are no longer valid and are released upon conditions set out below.

(*Id.*, Exh. I at 9 (emphasis added).) As an "additional and independent reason," the

court found also that AWDI wrongfully refused Cabeza's tender following the arbitration panel's decision, and, therefore, that its security documents were spurious under section 38-35-201, C.R.S.  In so finding, the court noted that "AWDI knows that it is breaching its contractual obligations to release, and hence knows that its Security Documents are groundless and invalid."  (*Id.*, Exh. I at 12.)  It therefore declared the Security Documents invalid and ordered Cabeza to re-tender AWDI's portion of the proceeds.

AWDI appealed the state court's order, and, after the court certified its order as a final judgment under C.R.C.P. 54(b), the Colorado Court of Appeals affirmed the lower court's decision in an opinion issued December 23, 2004.  (*Id.*, Exh. L.)  In particular, the court of appeals found that AWDI had no rights under the AGRI other than the right to ten percent of the proceeds of any sale and that "[b]ecause [AWDI] refused to release the security documents, . . . [AWDI] breached the terms of the AGRI."  (*Id.*, Exh. L at 10.)  The appellate court's mandate issued on March 18, 2005.

Meanwhile, in this court, defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction [#189], filed August 8, 2003.  On October 8, 2003, defendants filed notice of the state court's certification of its May 9 order as a final judgment pursuant to C.R.C.P. 54(b).  On December 31, 2003, I entered an order granting defendants' motion to dismiss on the ground, *inter alia*, that the state court's findings barred AWDI's claims under the **Rooker-Feldman** doctrine.  (**See** Order Re: Defendants' Motion to

Dismiss for Lack of Jurisdiction [#252], filed December 31, 2003.)[3]  Specifically, I found that granting the relief AWDI sought in this lawsuit would require me to conclude that the state court had erred in its determinations embodied in the May 9 order and that, therefore, the **Rooker-Feldman** doctrine required dismissal.

AWDI immediately appealed that order to the United States Court of Appeals for theTenth Circuit and asked me to certify my order under Fed.R.Civ.P. 54(b).  I did so, but the Tenth Circuit ultimately found the certification inadequate and dismissed the appeal for lack of jurisdiction on October 12, 2005.  The appeal was dismissed just two weeks after I granted a stipulated motion by the remaining parties in the litigation to dismiss their claims without prejudice pursuant to Fed.R.Civ.P 41(a) .

AWDI has now filed a motion for relief from judgment under Rule 60(b).  Therein, it notes that an intervening change in the law has rendered my December 31, 2003, order erroneous.  Specifically, the Supreme Court's recent decision in **Exxon Mobile Corp. v. Saudi Basic Industries Corp.**, – U.S. –, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), confirms that the **Rooker-Feldman** doctrine is not applicable in the particular circumstances of this case.  Defendants do not dispute this position, and it appears to be sound.  Nevertheless, defendants argue that relief under Rule 60(b) would be futile because AWDI's claims are now barred by the doctrine of issue preclusion.[4]  **See id**.,

---

[3]  The order addressed also the claims of other parties, but those claims are not implicated by the present motion.

[4]  In its reply brief, AWDI raises for the first time the possibility that defendants may have waived any arguments premised on issue preclusion.  There are at least three problems with this argument. First, the court does not consider issues raised for the first time in a reply brief.  **Liebau v. Columbia Casualty Co.**, 176 F.Supp.2d 1236, 1244 (D. Kan. 2001).  Moreover, the question of issue preclusion was not ripe at the time I issued my December 31, 2003, order, as the state court's judgment had not yet

5

125 S.Ct. at 1527 ("Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.").

"When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." **Dodge v. Cotter Corp**., 203 F.3d 1190, 1198 (10th Cir.) (quoting **Ashe v. Swenson**, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970)), **cert. denied**, 121 S.Ct. 71 (2000). To establish that issue preclusion bars a party from relitigating an issue already decided, the following four elements must be satisfied:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

**Id**.; **see also Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation**, 975 F.2d 683, 687 (10th Cir. 1992), **cert. denied**, 113 S.Ct. 1879 (1993). AWDI concedes the third element, that it was a party to the prior proceeding. Only the remaining three elements are in dispute.

AWDI argues first that the only issue actually litigated before the state court was whether the Security Documents constituted spurious liens. This represents a

---

become final. **See Rantz v. Kaufman**, 109 P.3d 132, 141 (Colo. 2005). Finally, as AWDI raised the question of preclusion in its own Rule 60(b) motion, it can hardly be heard to complain if the court considers the issue.

decidedly myopic view of the state court's decision. The state court's finding that the Security Documents were invalid was clearly and specifically based on the necessary and concomitant findings that Cabeza had tendered full performance under the AGRI and that AWDI materially breached its contractual obligations by not accepting that tender.[5] It is thus clear that the issue of breach of the AGRI was both raised and necessarily adjudicated in the state court proceeding.

It is also pellucid that the state court order was a final judgment. The court certified its order pursuant to C.R.C.P. 54(b) and AWDI pursued an appeal of that order. The Colorado Court of Appeals issued its order on December 23, 2004, and the mandate issued on March 18, 2005. AWDI did not pursue further review of that decision, and it therefore is final for purposes of issue preclusion. *See Rantz v. Kaufman*, 109 P.3d 132, 141 (Colo. 2005).

Finally, there is little doubt that AWDI had a full and fair opportunity to litigate its claims related to breach of the AGRI. The state court specifically noted in its May 9 order that AWDI had been given the chance to offer evidence in support of its claims but chose not to do so. (Def. Motion App. Exh. I at 5; 7, ¶ 15.) Because the nature of the parties' respective obligations under the AGRI was central to the determination whether the Security Documents were invalid, AWDI could not have failed to ascertain that the issue would be litigated in that forum.

---

[5] AWDI makes vague reference to unidentified portions of the AGRI that were not considered or discussed by the state court. However, the state court clearly rejected AWDI's arguments that the Security Documents were secured by anything other than AWDI's right to a percentage of the proceeds of any sale. It is thus not clear what "other areas of the AGRI" are at issue in this litigation that were not previously considered by the state court.

For these reasons, AWDI is precluded from relitigating the issues raised in this lawsuit. Its Rule 60(b) motion, therefore, will be denied. As requested by AWDI and contemplated by Fed.R.Civ.P. 58(d), a separate judgment will be entered in favor of all defendants against AWDI.

**THEREFORE, IT IS ORDERED** as follows:

(1) That AWDI's Modified Motion for Relief From Order or in the Alternative For Entry of Judgment [# 343], filed October 21, 2005, is **GRANTED IN PART** and **DENIED IN PART**;

(2) That the motion is **DENIED** with respect to AWDI's request for relief pursuant to Fed.R.Civ.P. 60(b);

(3) That the motion is **GRANTED** with respect to AWDI's request for entry of final judgment pursuant to Fed.R.Civ.P. 58(d);

(4) That judgment **SHALL ENTER** in favor of defendants and against AWDI on all remaining claims for relief and causes of action in this lawsuit, and those claims are **DISMISSED WITH PREJUDICE**; and

(5) That defendants are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.Colo.LCivR. 54.1.

Dated December 22, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn  
Robert E. Blackburn  
United States District Judge

9